IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXO BEN G., | Civil No. 1:26-cv-03776-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| | A# 240-371-640 |
| WARDEN OF THE MESA VERDE DETENTION FACILITY, *et al.*, | |
| Respondents. | |

### <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

Petitioner Maxo Ben G.[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2241.  In January 2023, he entered the United States by sea and was apprehended by border patrol agents shortly after making landfall.  Dkt. No. 6-1, at pg. 2.  Initially, immigration authorities sought to detain Petitioner.  *Id.* at pg. 3.  But at some point, the government decided instead to "release [him] in the discretion of [the United States Department of Homeland Security]."  Dkt. No. 6, at pg. 2.

For a noncitizen detainee to be released from ICE custody, an immigration officer must find that "'such release would not pose a danger to property or persons' and that

---

[1]      For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

the noncitizen is 'likely to appear for any future proceeding.'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (quoting 8 C.F.R. § 1236.1(c)(8)). So when Respondents elected to release Petitioner, that decision "reflect[ed] a determination by the government" that he was "not a danger to the community or a flight risk." *Id*. (cleaned up). The record reveals no reason to think otherwise today. To this day, Petitioner has no criminal history. And to this day, there is no final order of removal against him.

But on January 8, 2026, Petitioner appeared for an interview with ICE at a field office in Miami. And without any notice, process, or explanation of why his circumstances might have changed, Petitioner was arrested by immigration authorities following that interview. He has been in immigration detention ever since. And just as the government gave him no prior opportunity to forestall his arrest and detention, it has given him no procedural opportunity to challenge his detention now that he is in custody. So Petitioner invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights.

Many district judges, both in this district and others, have granted petitions just like this one. *See, e.g.*, *Kallebe C.F.L. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03651-MWJS, 2026 WL 1374754 (E.D. Cal. May 14, 2026); *A.J.S.M.P. v. Mullin*, No. 1:26-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *Sergio D.L.S. v. Warden, Cal. City Corr.*

2

*Ctr.*, No. 1:26-cv-02821, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  The only question in this case, therefore, is whether there is any material distinction from those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders" such as the ones listed above.  Dkt. No. 4.  The court thanks Respondents for their timely and candid response.  Dkt. No. 6.  In it, they maintain their position that Petitioner's arrest and detention was constitutional.  But they acknowledge that the "factual and legal issues present here are not substantively distinguishable" from the cases referenced in the court's Order to Show Cause.  *Id.* at pg. 3.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED, for the reasons stated in those prior orders.  And because the petition raised only a single claim under the Due Process Clause of the United States Constitution, the court declines to adopt Respondents' suggestion that this case should be held in abeyance pending the Ninth Circuit's resolution of *Rodriguez v. Bostock*, No. 25-6842, since the outcome of that case will not resolve the constitutional issue that is dispositive here.  *See A.J.S.M.P.*, 2026 WL 1190220, at *1.

Respondents are ORDERED to immediately release Petitioner Maxo Ben G. (A# 240-371-640) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

///

///

///

///

///

4

The Clerk of Court is DIRECTED to close this case and enter judgment for

Petitioner.  This order resolves all pending motions.

IT IS SO ORDERED.

DATED:  May 21, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-03776-MWJS; *Maxo Ben G. v. Warden of the Mesa Verde Detention Facility,* et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS